IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00042-RLV-DSC

| | |
|---|---|
| GEORGE G. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| WILKES COUNTY, WILKES COUNTY ) | |
| SHERIFF'S OFFICE, CITY OF ) | |
| WILKESBORO, CITY OF WILKESBORO ) | |
| POLICE DEPARTMENT, STATE OF ) | |
| NORTH CAROLINA, ATTORNEY ) | |
| GENERAL ROY S. COOPER, and NC ) | |
| ATTORNEYS GENERAL FROM 1960 TO ) | |
| THE PRESENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants' timely filed Motions to Dismiss Plaintiff's First Amended Complaint (Docs. 25, 27, 32), Motion to Strike (Doc. 29), and Motions for Sanctions (Doc. 35, 39), as well as Plaintiff's Motion for Extension of Time (Doc. 36).

**I. PROCEDURAL AND FACTUAL HISTORY**

Plaintiff Jackson filed his initial Complaint on April 1, 2011, in the wake of Plaintiff's apparent arrest, allegedly for taking pictures. (Doc. 1.) The defendants named in the initial Complaint, however, were not issued summonses until July 21, 2011. (Docs. 2–6.) Furthermore, Plaintiff has submitted no Proof of Service, as required by Federal Rule of Civil Procedure 4(*l*)(1), and it is contended that there has been no proper service of the summonses and

Complaint.[1] (*See, e.g.*, Doc. 28 at 2; Doc. 19 at 2.) Following a number of responsive motions, Plaintiff filed his First Amended Complaint on October 11, 2011. (Doc. 21.) Plaintiff therein accuses Defendants Wilkes County, the Wilkes County Sheriff's Office, the City of Wilkesboro, the City of Wilkesboro Police Department, the State of North Carolina, and the Attorneys General of North Carolina since 1960, including Attorney General Roy Cooper, of unreasonable search and seizure; invasion of privacy; unlawful detention; First Amendment violations; Second Amendment violations; "conflict of interest and conflict of legal activity"; and negligence. (Doc. 21 at 1.) Plaintiff sues no party in his or her individual capacity (Doc. 21 at 1–2), and while he "prays for judgment against the defendant by any means possible and an amount to be determined by the court as deemed justified," the Complaint does not specify what type of declaratory or injunctive relief Plaintiff might seek (Doc. 21 at 11).

---

[1] Federal Rule of Civil Procedure 4(j) sets forth the manner in which the state or local government must be served, specifically stating that service may be accomplished by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." The North Carolina Rules of Civil Procedure allow for service by personal delivery, by registered or certified mail, return receipt requested, or by using a "designated delivery service" and receiving a "delivery receipt." N.C. R. Civ. P. 4(j)(3), (5). Personal delivery and delivery by a "designated delivery service" upon a city or county must be made to the "mayor, city manager or clerk," or to the "chairman, clerk or any member of the board of commissioners for such county," respectively. N.C. R. Civ. P. 4(j)(5)(a)–(b). Similarly, mail must be addressed to the "mayor, city manager or clerk," or to the "chairman, clerk or any member of the board of commissioners." *Id.* Upon a state, such service must be made to the "Attorney General or to a deputy or assistant attorney general." N.C. R. Civ. P. 4(j)(3).

Here, there has been no proper service of the Summons and original Complaint on the clerk, city manager, or mayor of Wilkesboro; the chairman, clerk or any member of the board of commissioners of Wilkes County; or North Carolina's Attorney General or a deputy or assistant attorney general. Additionally, Plaintiff has only mailed a copy of the Summons and Amended Complaint to "State of North Carolina," "Wilkes County," and "City of Wilkesboro," at the addresses of counsel appearing before the Court, and such mailings do not constitute sufficient service. (Doc. 21 at 12; *see also* Docs. 2–6); Fed. R. Civ. P. 5; Local R. Civ. P. 4.1.

Plaintiff alleges that in April of 2008, he was confronted by Wilkesboro law enforcement officers regarding photographs he had been seen taking. Plaintiff further alleges that he refused to show the officers his pictures, was arrested, had his camera taken, and was brought to and detained in the Wilkes County Jail. (Doc. 21 at 1–2.)

As stressed in Defendants Wilkesboro and Wilkesboro Police Department's Motion to Strike, Plaintiff's Amended Complaint contains a great deal of inappropriate, threatening, gratuitously vulgar, and unknown and incomprehensible language, generally with no possible bearing upon the subject matter of the litigation. (*See* Docs. 21, 29, 30.) Additionally, the Complaint lacks pertinent, factual allegations as to a number of parties.

While he does not expressly so state, Plaintiff presumably brings his Complaint pursuant to section 1983 of title 42 of the United States Code.

## II. STANDARDS OF REVIEW AND ANALYSIS

To state a claim under section 1983, a plaintiff must allege sufficient facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a "person acting under color of state law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 49 (1988). The crux of Plaintiff's section 1983 claim is whether the arresting police officers lacked adequate cause to justify either the traffic stop or the arrest. Plaintiff appears to pursue claims against the remaining defendants due to their more general influences upon Plaintiff's case resulting simply from their status as co-actors within the criminal-justice system.

A. This Court Lacks Subject Matter Jurisdiction Regarding Claims against the State of North Carolina and Its Attorneys General Due to State Sovereign Immunity

The State of North Carolina is immune from suit. U.S. Const. amend. XI; *Alden v. Maine*, 527 U.S. 706, 729 (1999) (deeming the Eleventh Amendment to have confirmed that our constitutional structure left state sovereign immunity intact, thereby limiting federal jurisdictional authority over suits against states without their consent). This immunity blankets state officials sued for damages in their official capacities because judgments against such officials impose liability on the entities they represent. *Cory v. White*, 457 U.S. 85, 90 (1982); *Kentucky v. Graham*, 473 U.S. 159 (1985). Here, Plaintiff seeks damages (Doc. 21 at 11) ("Plaintiff prays for . . . an amount to be determined by the court as deemed justified."), and the Court finds that Plaintiff's request for "judgment . . . by any means possible" is too nebulous to constitute a request for injunctive relief, *see Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 462 (3d Cir. 1996) (determining that the plaintiff's request that "justice be served" was likewise too nebulous to constitute a request for injunctive relief).[2] As there is no state statute that grants consent or waiver of immunity in this context, the Attorneys General are likewise immune. Subject matter jurisdiction is therefore lacking as to Plaintiff's claims against the State of North Carolina and its Attorneys General.

B. The Complaint Fails to State a Claim as Against the City of Wilkesboro, Wilkes County, or the Wilkes County Sheriff's Office Upon Which Relief Can Be Granted

A motion filed per Rule 12(b)(6) challenges the legal sufficiency of a complaint, *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006), measured by whether it meets the

---

[2] Although the Court liberally construes the pleadings of a pro se litigant, there does not appear to be any particular conduct that Plaintiff seeks to have enjoined.

standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted), *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–82 (2009)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

Although the Court "take[s] the facts in the light most favorable to the plaintiff," it need accept neither the legal conclusions drawn from the facts nor unwarranted inferences or unreasonable conclusions. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Furthermore, where Plaintiff simply alleges no pertinent facts at all, the Court cannot consider his assertions "plausible."

5

As to the City of Wilkesboro and Wilkes County,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Liability does not lie with a municipality or county under section 1983 simply on the basis of a *respondeat superior* theory. *Id.* at 691. Beyond not including in his Complaint any factual assertion with regard to any "policy or custom" of Wilkesboro or Wilkes County, Plaintiff includes no factual allegation against Wilkesboro or Wilkes County at all. Therefore, Plaintiff has failed to state a claim upon which relief can be granted as to these Defendants.

With respect to the Wilkes County Sheriff's Office, Plaintiff states only the fact of his being processed at the jail facility, that "[t]he defendants operating in Wilkes County are agents and deputies that take oaths and operate under the laws made by the state of North Carolina," that "[t]he participating officials at the Wilkes County facilities were worked for Wilkes County Sheriff's department," and that "[t]he defendants used their correctional facilities and events for Department Of Corrections (DOC) in concert with causing 911 events and reasons to see the doctor by mass numbers and funding their educational and university network. See the Nazi war crimes." (Doc. 21 at 3, 6, 7.) Plaintiff does not name any of the alleged "participating officials" and does not set forth any facts indicating that the Sheriff's Office was involved with the alleged confrontation between Plaintiff and law enforcement officers of the City of Wilkesboro. Plaintiff has failed to allege facts sufficient to support a claim for relief as against the Sheriff's Office.

Therefore, even after accepting all allegations in Plaintiff's Complaint as true and

drawing all reasonable factual inferences in Plaintiff's favor, Plaintiff has not stated a claim upon which relief can be granted as against the City of Wilkesboro, Wilkes County, or the Wilkes County Sheriff's Office.

    C. Neither the City of Wilkesboro Police Department nor the Wilkes County Sheriff's Office Is a Proper Party

Federal Rule of Civil Procedure 17(b)(3) states that a party's capacity to be sued (other than that of an individual or corporation) is determined by the law of the state in which the district court is held. Under North Carolina law, unless a statute provides to the contrary, the capacity to be sued exists only in persons in being. *Simpson v. Sterling Police Dep't*, No. 3:07-477, 2008 WL 1809315, at *1 (W.D.N.C. Apr. 22, 2008) (citing *McPherson v. First & Citizens Nat'l Bank of Elizabeth City*, 81 S.E.2d 386, 397 (N.C. 1954)). In North Carolina, there is no statute authorizing suit against a police department. *Id.* The North Carolina Court of Appeals has held that a police department is a "component part[] of defendant City . . . and as such lack[s] the capacity to be sued." *Id.* (quoting *Jones v. City of Greensboro*, 277 S.E.2d 562, 577 (N.C. Ct. App. 1981), *overruled on other grounds by Fowler v. Valencourt*, 435 S.E.2d 530, 533 (N.C. 1993)). Furthermore, although N.C. Gen. Stat. § 153A-11 acknowledges that a county is a legal entity that may be sued, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department. *Parker v. Bladen County*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008). Therefore, the Wilkesboro Police Department and the Wilkes County Sheriff's Office lack the capacity to be sued, and all claims against them in this case are to be dismissed.

    D. Defendants' Motion to Strike

Given Plaintiff's threatening, vulgar, irrelevant, and at times incomprehensible statements

7

within his First Amended Complaint, portions of this Complaint should be stricken pursuant to Federal Rule of Civil Procedure 12(f). However, because the Court here dismisses Plaintiff's case, Defendants City of Wilkesboro and the City of Wilkesboro Police Department's Motion to Strike shall be denied as moot.

E. Defendants' Motions for Sanctions

Defendants North Carolina and its Attorneys General, joined by the City of Wilkesboro and the City of Wilkesboro Police Department, and the Wilkes County Sheriff's Office note that Plaintiff followed his Complaint with multiple, frivolous motions, notices, and other filings, and argue that such filings were for an improper purpose, such as to "harass, cause unnecessary delay or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b); (Doc. 35 at 3; Doc. 39 at 2). Though Plaintiff's claims are seriously deficient, Defendants have not shown the requisite continuous pattern of groundless and vexatious litigation contemplated in, for instance, *Autry v. Woods*, Nos. 96-6112, 95-6254, 96-6378, 1996 WL 276315, at *1 (4th Cir. May 24, 1996) (upholding the imposition of a prefiling injunction where the plaintiff had a lengthy history of frivolous lawsuits, often involving the same issues). However, Plaintiff should consider himself on notice that if he were to continue to pursue abusive litigation and cause needless expense to the parties and the Court, he would face a prefiling injunction along the lines of what Defendants have here requested.

F. Plaintiff's Motion for Extension of Time

Plaintiff has filed a motion captioned "[1] Plaintiff's Motion for Extension Time to Respond[; 2] Plaintiff's Motion to Stay Proceedings Pending Hearing[; and 3] Plaintiff's Motion for Hearing of Fraud, Obstruction, Interfearance [sic] of Justice and Contamination of the Legal

Record Etc." (Doc. 36.) Therein, Plaintiff requests that the Court "stay the proceedings on defendants['] pending motions until after [a] hearing." (Doc. 36 at 1.) Plaintiff "requires a hearing in order to convince the court of the allegations plaintiff has made," which he admits "are strange . . . but all true. It takes a weirdo to catch a weirdo don't you know." (Doc. 36 at 1.) Although this Motion was filed after the time to respond to Defendants' pending motions, save the Motions for Sanctions, had passed, Plaintiff further requests an extension of time to respond to Defendants' pending motions until after this hearing. The Court shall deny Plaintiff's Motion, finding a hearing to be unnecessary.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the State of North Carolina and its Attorneys General's Motion to Dismiss (Doc. 25) be **GRANTED** in its entirety. All claims against the State and its Attorneys General are hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the City of Wilkesboro and the Wilkesboro Police Department's Motion to Dismiss (Doc. 27) be **GRANTED**. All claims against the City of Wilkesboro Police Department are hereby **DISMISSED** with prejudice. All claims against the City of Wilkesboro itself are hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Wilkes County and the Wilkes County Sheriff's Department's Motion to Dismiss (Doc. 32) be **GRANTED**. All claims against Wilkes County and its Sheriff's Department are hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the City of Wilkesboro and the Wilkesboro Police Department's Motion to Strike (Doc. 29) be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the State of North Carolina and its Attorneys

General's, and the Wilkes County Sheriff's Office's Motions for Sanctions (Docs. 35, 39) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 36) be **DENIED**.

Signed: September 28, 2012

Richard L. Voorhees
United States District Judge